# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, ADMINISTRATOR OF THE FUNDS, | Case No. 07 C 2867 |
| | Judge Marvin E. Aspen |
| Plaintiffs, | |
| v. | |
| MIDWEST REM ENTERPRISES, INC., | |
| Defendant. | |

## MEMORANDUM ORDER AND OPINION

Plaintiffs Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction, General Laborers' District Council of Chicago and Vicinity (collectively "the Funds") and James S. Jorgenson, Administrator of the Funds filed a two-count complaint against Defendant Midwest Rem Enterprises, Inc. ("MRE"). The complaint alleges violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(g)(1)-(2), 1145, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Presently before us is Plaintiffs' Motion for Summary Judgment. For the reasons set forth below, we grant this motion.

## SUMMARY OF THE FACTS[1]

On November 4, 1998 MRE signed a Collective Bargaining Agreement ("CBA") with Laborer's Local Union No. 76, which was renewed on November 13, 2001. (Pl. Facts ¶ 6). Pursuant to the CBA, MRE was required to submit contributions to the Funds on behalf of the laborers that it employed as well as contribution reports by the tenth day of the month after the work was performed. (Pl. Facts ¶ 7). In the event that MRE did not timely submit these contributions and reports, MRE would be liable for liquidated damages, interest, and any reasonable attorney fees and costs incurred in the collection process. (Pl. Facts ¶¶ 7-8).

The CBA also required MRE to submit to periodic audits, and MRE's books were audited for the period beginning January 1, 2003 and ending December 31, 2005. (Pl. Facts ¶ 9). This audit revealed that MRE failed to make multiple contributions to the Fund for 850.92 laborer hours

---

[1] As a preliminary matter, not only was MRE's response to Plaintiffs' Motion for Summary Judgment filed twenty-six days late without explanation, but MRE has violated Local Rule 56.1 by failing to respond to Plaintiffs' Statement of Material Facts. The Rule is clear: by failing to properly respond to a movant's 56.1 statement, "all material facts set forth in the statement required of the moving party will be deemed to be admitted." L.R. 56.1(b)(3)(B); *see also Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("Essentially, the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant (at least if the movant has done his or her job correctly) because the movant's factual allegations are deemed admitted."). Accordingly, we "depart from our usual posture of construing all facts in favor of the non-moving party." *Midwest Imp., Ltd. v. Coval*, 71 F.3d 1311, 1313 (7th Cir. 1995). Instead, we accept as true all material facts properly set forth in Plaintiffs' 56.1 Statement of Material Facts. *See id.*
    Furthermore, MRE did not submit a statement of additional facts opposing summary judgment. A statement of additional facts filed pursuant to Local Rule 56.1(b)(3)(B) "provides the only acceptable means of . . . presenting additional facts to the district court." *Id.* (affirming district court's finding that additional facts set forth in the party's memorandum in opposition to summary judgment were not properly before the court and should not be considered). Therefore, by failing to file a 56.1 statement of additional facts, MRE has lost its ability to bring additional facts before this court. *Id.* at 1313, 1316-17. As such, the following factual background is substantially culled from the Plaintiffs' Statement of Material Facts.

worked,[2] and was deficient on its union dues through December 2005. (Pl. Facts ¶¶ 14-16, 17-22). The cost of performing this audit was $3,000.[3] (Pl. Facts ¶ 26).

On May 23, 2007 Plaintiffs filed their complaint alleging violations of ERISA and LMRA. Plaintiffs are seeking $22,217.39, which includes outstanding contributions,[4] union dues, the ten percent penalty prescribed in the CBA for all overdue contributions, interest on overdue contributions,[5] and audit costs. (Pl. Facts ¶¶ 25-28). They are also seeking $14,029.80 in attorney's fees.[6] (Pl. Facts ¶ 29).

On September 19, 2007 Plaintiffs filed their Motion for Summary Judgment and Statement of Material Facts. We ordered MRE to respond by October 4, 2007. No response was filed with this Court. However, MRE apparently mailed its response to Plaintiffs on October 11, 2007. On

---

[2] These unpaid hours include 111.42 hours for the period of January 1, 2003 through May 1, 2003, 9.5 hours for the period of June 1, 2003 through May 31, 2004, and 730 hours for the period June 1, 2004 through May 31, 2005. (Pl. Facts ¶¶ 14-16). These unpaid hours amounted to $8669.47 in unpaid contributions. MRE does not dispute these unpaid hours, but instead claims that it only owes $8493.65, slightly less than the amount that Plaintiffs are seeking. However, MRE has not provided any evidence supporting its calculations and, as indicated above, by failing to comply with Local Rule 56.1, MRE has lost the ability to bring additional facts before this court.

[3] MRE improperly alludes to settlement discussions regarding the reduction of auditing fees in its response, but concedes that the actual audit did cost $3000. Despite MRE's claim that this amount is "not even remotely reasonable," it has failed to file any evidence in support of this claim. (Def. Resp. at 1).

[4] MRE owes $7,018.63 in unpaid contributions from May 2006 through June 2006, October 2006 through January 2007, and April 2007 through June 2007. (Pl. Facts ¶ 25).

[5] This unpaid interest equals $2,390.07. (Pl. Facts ¶ 27).

[6] Plaintiffs incurred $14,029.80 in attorney's fees and have filed an attorney affidavit supporting the reasonableness of this amount. (Pl. Facts ¶ 29; Pl. Facts Ex. 8). MRE's response argues that this amount is unreasonable, however, we accept Plaintiffs' attorney's fees as accurate because MRE failed to provide any evidence supporting its assertions besides inadmissible references to previous settlement discussions, and more importantly, it failed to comply with Local Rule 56.1.

October 15, 2007, Plaintiffs filed their reply and objections to MRE's response, attaching MRE's response to their reply, and on October 30, 2007, MRE filed a two-page "Answer to Plaintiff's Motion for Summary Judgment" without any additional evidence.

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This standard places the initial burden on the moving party to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

Once the moving party meets this burden of production, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but rather "must set forth specific facts showing that there is a genuine issue [of material fact] for trial." FED. R. CIV. P. 56(e).

## ANALYSIS

ERISA mandates that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145 (2007). If an employer fails to satisfy this section, then "the court shall award the plan (A) unpaid contributions, (B) interest

on unpaid contributions, (C) . . . liquidated damages provided for in the plan, . . . (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) any other legal or equitable relief that the court deems appropriate." *Id.* § 1132(g)(2).

In this case, MRE admits that its contributions to the Fund are governed by the CBA and that it failed to timely contribute to the Funds according to the CBA. Because there are no material facts at issue with respect to Plaintiffs' ERISA claim, Plaintiffs are entitled to summary judgment. Additionally, because MRE's failure to comply with Local Rule 56.1 causes us to accept all of Plaintiffs' supported material facts as true, there is no dispute of material fact regarding the specific amount that MRE owes under Section 1132(g)(2). Thus, Plaintiffs are entitled to $22,217.39, which includes unpaid contributions, liquidated damages, interest, and audit costs. (Pl. Facts ¶ 28). They are also entitled to $14,029.80 in attorney's fees.[7]

---

[7] Plaintiffs LMRA claim is also based on the CBA. "Violations of a collective bargaining agreement are actionable under section 301 of the Labor Management Relations Act." *LaBuhn v. Bulkmatic Transp. Co.*, 865 F.2d 119, 121 (7th Cir. 1988) (citing *William E. Arnold Co. v. Carpenters Dist. Council*, 417 U.S. 12, 16 (1974); *NLRB v. Great Dane Trailers, Inc.*, 388 U.S. 26, 31 n.7 (1967)). Even though Plaintiffs are entitled to their full amount of damages through their ERISA claim, they are also entitled to summary judgment based upon their LMRA claim for the same reason: There is no dispute of material fact that the CBA was violated and the extent of the violation.

## CONCLUSION

For the reasons stated above, we grant Plaintiffs' motion for summary judgment.

It is so ordered.

                                                    Honorable Marvin E. Aspen
                                                    U.S. District Court Judge

Dated: November 15, 2007